PENINSULA LUMBER CO. *vs.* MARGARET FEHRENBACH et al., owners, or reputed owners, and B. FRANK McVEY, contractor.

New Castle County, February Term, 1893.

**Practice. Mechanic's Lien.**—Where a writ of *scire facias* on a mechanic's lien was voluntarily stayed by the plaintiff's attorney, and a second writ was not issued until after the expiration of a year, such writ will be quashed, and the statement of claim stricken from the record for want of prosecution.

This was a rule to show cause why a second *scire facias* on a mechanic's lien should not be quashed, and the statement of claim stricken from the record for want of prosecution. The affidavit upon which the rule was granted disclosed the following facts:

1. That the plaintiff on the 25th day of August, A. D. 1891, filed in the office of the Prothonotary of the Court a statement of a claim for materials furnished for additions and alterations to and in a certain building mentioned in such statement, against the defendants and by reference to said statement being No. 95 to the September Term, A. D. 1891.

2. That on the 25th day of August, 1891, there issued out of the Court at the suit of the plaintiff and against the defendants a writ of *scire facias* being No. 85 to the September Term, A. D. 1891, which writ was returned by William Simmons, Sheriff of the county, as follows : " Stayed by plaintiff's attorney, so answers William Simmons, Sheriff."

3. That no further proceedings were had upon the statement of claim by the plaintiff until the 9th day of September, A. D. 1892, when he caused a second *scire facias* to be issued out of the Court against the defendants, such writ being No. 125 to the September Term, A. D. 1892, of which the Sheriff made return as follows : " Made known to John G. Fehrenbach and Charles Fehrenbach personally September 16, 1892, and service accepted for all the rest, except Margaret Grier and B. Frank McVey, so answers William Simmons, Sheriff."

4. That since that time no further proceedings have been had in the case.

5. That the statement of claim still remains among the records of this Court (see Mechanics' Lien Docket, Vol. 2, page 91) and is notice of a claim of lien on the property therein described. Whereby it causes great inconvenience to the defendants in the management of the property and also interferes with the borrowing of money by way of mortgage thereon and impairs the value thereof.

*Walter H. Hayes,* for the defendant. 1. The proceedings under the Mechanic's Lien Statute, 16 Del. Laws 206, were unknown at common law and are in derogation of it. And any one seeking to avail himself of its provisions must strictly comply therewith; Phillips, Mech. Lien, §§ 9, 322; *McCartney et al. vs. Buck,* 8 Houst. 34. This is the latest Delaware case. The manner of enforcing a claim under the statute is fully prescribed in the act, especially in § 2. If judgment be not taken at the first term the proceedings are to be taken as in other actions of *scire facias;* § 2, *supra.*

2. The writ must be served in the manner prescribed in the act; 16 Del. Laws 209 ; 1 Harring. 18, 182, 513; 3 Harring. 13; *Bissell vs. Gould,* 1 Wevel 211 ; Phillips, Mech. Lien 666 ; and the same authorities show what amounts to service of the *scire facias.*

3. The failure to issue the writ of *scire facias* to consecutive terms worked a discontinuance of the action ; 3 Bla. Com. 296 ; Tidd, Practice [162, 678] ; 5 A. & E. Encyc. of Law 674 ; *Gamage vs. Law,* 2 Johns. 192 ; *Bissell vs. Gould,* 1 Wend. 211 ; *Kahn vs. Herman,* 3 Ga. 266, 272 ; *Ger. Fire Ins. Co. vs. Francis,* 52 Miss. 457, 467.

4. The order of the plaintiff to "stay the writ" first issued was a discontinuance of his suit.

5. The second *scire facias* which was issued returnable to the September term, 1893 (one year after the issuing of the first writ), was not served on two of the defendants, and as appears by the

writ and the affidavit filed, the Sheriff returned as to them " Nihil Habet." Since that time there has been no further proceeding, so that there is clearly a discontinuance as to them ; two terms have intervened. See above authorities.

6. A discontinuance as to some of several joint defendants puts an end to the entire suit; *Winslow vs. Hendick,* 9 Mich. 380 ; *Ballow vs. Hill,* 23 Mich. 60 ; *Anderson vs. Robinson,* 38 Mich. 407 ; *Tollman vs. Spaulding,* 4 Ill. 13 ; *Hall vs. Anderson,* 3 Cowen 374 ; Tidd, Prac. [678].

*J. E. Smith* and *C. W. Smith* for plaintiff.

*The rule was made absolute.*

———•———

ZACHARIAH DEPUTY *vs.* J. ALEXANDER HARRIS and GEORGE S. GRIER, composing the firm of J. ALEX. HARRIS & COMPANY.

Kent County, April Term, 1893.

**Partnership. Evidence.**—Where a suit is between the partners themselves, strict proof of the existence of the partnership is required.

**Same.**—When the suit is by a third person against an alleged partner, all the facts and circumstances from which the existence of a partnership may be fairly and reasonably inferred are admissible.

**Same.**—Partnership may be proved by general reputation.